Vernon **GREEN**, Plaintiff–Appellant,

v.

Phillip **MONTGOMERY**; **Edward Fitzgerald**, Police Officer; **Joseph Troy**, Police Officer; **Joseph O'Reilly**, Police Officer; **Edward Holmes**, Sgt.; **Daniel Guido**, Supervisor; **Suffolk County Police Department**; and **County of Suffolk**, Defendants–Appellees.

**Docket No. 99–7515.**

United States Court of Appeals, Second Circuit.

Argued Feb. 15, 2000.

Decided March 29, 2001.

Leonard G. Kapsalis, Hauppauge, NY, for Plaintiff–Appellant.

Arlene S. Zwilling, Assistant County Attorney, County of Suffolk, (Robert J. Cimino, Suffolk County Attorney, on the brief), for Defendants–Appellees.

Before KEARSE, CALABRESI, and KATZMANN, Circuit Judges.

PER CURIAM:

This is the second occasion on which we address Vernon Green's § 1983 suit, which alleges, *inter alia,* unlawful use of excessive force and malicious prosecution in violation of various constitutional rights.[1] The district court granted summary judgment for the defendants. It held that a New York Supreme Court determination that Green was a juvenile delinquent who had recklessly endangered the life of Police Officer Phillip Montgomery was entitled to preclusive effect. Given the finding of endangerment, it determined—as a matter of law—that defendants were justified in using deadly force against Green.[2]

Green appealed, arguing that under New York law he was not barred from relitigating the finding that he recklessly endangered the life of Officer Montgomery, since that determination occurred in a juvenile adjudication subject to §§ 380.1 and 381.2 of the Family Court Act. We concluded, however, that (a) whether the protections afforded to juveniles by these sections apply to non-family court juvenile adjudications and (b) whether prior state court juvenile adjudications were admissible in a later litigation that was brought by the juvenile defendant, were significant unsettled questions of New York law. As a result, and because the outcome of the appeal turned on whether Green was precluded from challenging the reckless endangerment finding, we certified two issues to the New York Court of Appeals. We asked:

(1) Is the New York Supreme Court's commitment order stating that Green was "convicted of/adjudicated a Juvenile Delinquent for the crime[ ] of Reckless Endangerment 1st Degree" to be treated as the equivalent of a Family Court adjudication of juvenile delinquency for the purpose of §§ 380.1 and 381.2 of the Family Court Act?

(2) By bringing a § 1983 suit that places into question issues that were necessarily resolved by the Supreme Court in its decision that Green recklessly endangered Officer Montgomery, has Green waived any and all rights under New York state law not to have those determinations held against him, with the result that he can be collaterally estopped from relitigating the Supreme Court's findings?

The New York Court of Appeals has answered both questions in the affirmative. *See Green v. Montgomery,* 95 N.Y.2d 693, 723 N.Y.S.2d 744, 746 N.E.2d 1036 (2001). The answer to the second certified question resolves all federal issues in Vernon's appeal.

Accordingly, we AFFIRM the judgment of the district court.

1. We assume familiarity with the facts of the case, set out in our prior opinion, *Green v. Montgomery,* 219 F.3d 52 (2d Cir.2000).

2. The district court further ruled (1) that because Green had been indicted by a grand jury on the charges that form the basis for his malicious prosecution claim, there was a presumption that his prosecution was supported by probable cause and (2) that Green had failed to overcome this presumption.